UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID C. LETTIERI, | ) | Case No. 4:23-cv-2077 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes Jr. |
| NEW YORK STATE TROOPERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# OPINION AND ORDER

*Pro se* plaintiff David C. Lettieri filed this action against the New York State Troopers. (ECF No. 1.) For the following reasons, the Court dismisses the action.

## STATEMENT OF FACTS

Plaintiff's brief complaint is almost completely devoid of facts. In the statement of his claim, Plaintiff expresses a desire to press charges against his ex-girlfriend for the alleged violation of a protection order. (ECF No. 1, PageID #4.) Plaintiff claims that Defendant refused to arrest his girlfriend. (*Id.*, PageID #5.) As the basis for jurisdiction, Plaintiff lists "failure to protect, due process, equal protection," and 42 U.S.C. § 1983. (*Id.*, PageID #3; ECF No. 1-2.) In his request for relief, he asks the Court for $10,000,000 "for violation of rights." (*Id.*, PageID #5.)

## GOVERNING LEGAL STANDARD

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C.

§ 1915(e) if it fails to state a claim on which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

This Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts are not required, to meet the basic notice pleading requirements of Rule 8, a plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

Here, even liberally construed, Plaintiff's complaint fails to meet the most basic pleading standard under Rule 8. The complaint fails to connect any alleged occurrence to any specific, cognizable injury, and Plaintiff fails coherently to identify how Defendant has harmed him. Additionally, Plaintiff's pleading does not contain a decipherable legal claim within the jurisdiction of the Court. Therefore, Plaintiff's complaint lacks an arguable basis in fact, and it fails to state a claim on which the Court may grant relief. In short, this complaint presents the sort of "unadorned, the defendant unlawfully harmed me accusation" for which dismissal is required. *Iqbal*, 556 U.S. at 678.

Even if Plaintiff had satisfied Rule 8, to the extent he claims Defendant violated his constitutional rights by failing to arrest his ex-girlfriend, he fails to state a claim. The benefit that a third party might receive from having someone else arrested for a crime does not amount to a constitutional violation where the police fail to make an arrest. *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006). "[T]he framers of the Fourteenth Amendment and the Civil Rights Act of 1871, 17 Stat. 13 (the original source of § 1983), did not create a system by which police departments are generally held financially accountable for crimes that better policing might have prevented . . . ." *Id.* (quoting *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005)). Plaintiff does not have a constitutionally protected interest in the arrest of his ex-girlfriend.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's complaint (ECF No. 1). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision may not be taken in good faith.

**SO ORDERED.**

Dated: November 21, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio